IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERRI D. WRIGHT,** | |
| **Plaintiff,** | Civil Action No. 1:20-cv-02471-ACR |
| v. | |
| **EUGENE & AGNES E. MEYER FOUNDATION,** *et al*. | |
| **Defendants.** | |

**ANSWER AND AFFIRMATIVE**
**AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Eugene & Agnes E. Meyer Foundation ("Meyer Foundation") and Nicola Goren (collectively "Defendants") state the following Answer and Affirmative and Other Defenses to the Complaint which Plaintiff Terri Wright ("Plaintiff") has filed:

**PRELIMINARY STATEMENT**

Plaintiff's four pages of unnumbered paragraphs fail to comply with Rule 8 of the Federal Rules of Civil Procedure which mandates "simple, concise, and direct" pleadings, and therefore a response is not required. To the extent that a response is required, Defendants admit that the Meyer Foundation was founded in 1944 by Eugene Meyer and his wife, Agnes Meyer. Defendants admit that the Meyer Foundation has been a well-regarded philanthropic organization providing grants aimed at advancing charitable and educational initiatives within the District of Columbia metropolitan region, which encompasses the District of Columbia, Maryland, and Northern Virginia. Defendants admit that the Meyer Foundation has increased its focus on supporting grants aimed at addressing issues of racial inequity. Defendants admit that Plaintiff was terminated from employment with the Meyer Foundation. Defendants further admit that Plaintiff was offered and

accepted a separation agreement that included a non-disparagement provision. Defendants admit that Plaintiff first learned about Dr. Madye Henson's allegations relating to a conversation with Defendant Goren about Plaintiff in a complaint that Dr. Henson filed against Defendant Goren. To the extent that allegations in the Preliminary Statement mirror allegations contained in the numbered paragraphs of the Complaint, Defendants have answered those allegations below. To the extent that there are allegations in the Preliminary Statement that have not been expressly admitted and are not mirrored in the numbered paragraphs, Defendants deny the allegations in the preliminary statement. Additionally, Defendants deny that they are liable to Plaintiff in any amount and that Plaintiff is entitled to any relief whatsoever.

## NATURE OF THE CLAIMS

1. Defendants admit that Plaintiff purports to bring a claim to recover declaratory, injunctive, and equitable relief, as well as monetary damages. Defendants deny any wrongdoing or that Plaintiff is entitled to any relief.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

## JURISDICTION & VENUE

3. The allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the District of Columbia has proper jurisdiction.

4. The allegations in Paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the District of Columbia is the proper venue.

5. Defendants admit that the contract at issue contains the quoted text.

**PARTIES**

6. Upon information and belief, Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that the Eugene & Agnes E. Meyer Foundation is a private charitable organization with its principal place of business at 1120 G St., NW, Suite 600, Washington, DC 20005. Defendants admit that the Meyer Foundation employed Nicola Goren. Defendant Meyer Foundation admits that it entered into a contract with Plaintiff relating to her separation from employment. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that Nicola Goren served as President and Chief Executive Officer of the Meyer Foundation. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

**PROCEDURAL REQUIREMENTS**

9. Paragraph 9 states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

**Dr. Wright's Professional and Educational Background**

10. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore deny these allegations.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore deny these allegations.

12. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore deny these allegations.

## Dr. Wright's Tenure at the Meyer Foundation

13. Defendants admit that the foundation, led by Ms. Goren as CEO, hired Dr. Wright. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants admit that the Meyer Foundation hired Dr. Wright in February 2018 after several rounds of interviews. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. Defendants are without knowledge or information sufficient to admit or deny the allegations as to what Dr. Wright learned when she was hired. Defendants admit that Dr. Wright held a different title than Mr. Moyers. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff's role was as Vice President of Program and Community. Defendants deny the remainder of the allegations in Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint. To the extent that an answer is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that Aisha Alexander-Young was hired as the Senior Director of Strategy and Racial Equity in 2018. Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants answer the bullet point allegations contained in Paragraph 23 of the Complaint as follows:

- Defendants admit the allegations in bullet point one.
- Defendants admit the allegations in bullet point two.
- Defendants deny the allegations in bullet point three.
- Defendants admit the allegations in bullet point four.
- Upon information and belief, Defendants admit the allegations in bullet point five.
- Defendants deny the allegations in bullet point six.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants admit that Dr. Wright's check in stated that it "appears that Terri has been working on her communication and relationship with her team and that things feel less charged than at the end of last year." Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants admit that Dr. Wright presented her 2020 Census Plan to the Board and that the initiative was approved by the Board. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint. To the extent a response is required,

Defendants deny the allegations in Paragraph 30 of the Complaint.

### Defendant Goren's Abrupt and Unlawful Termination of Dr. Wright

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

### Dr. Wright's Severance Agreement with Defendant Meyer Foundation

33. The Meyer Foundation admits that it entered into a severance agreement with Dr. Wright in October 2019. The Meyer Foundation agrees that the severance agreement included a mutual non-disparagement clause but deny the remaining allegations contained in Paragraph 33 of the Complaint. No response to Paragraph 33 is required by Defendant Goren as the United States Court of Appeals for the District of Columbia Circuit decided as a matter of law there was no contract between Defendant Goren and Plaintiff.

34. The Meyer Foundation admits the allegations set forth in Paragraph 34 of the Complaint. No response to Paragraph 34 is required by Defendant Goren as the United States Court of Appeals for the District of Columbia Circuit decided as a matter of law there was no contract between Defendant Goren and Plaintiff.

### Defendant Goren's Breach of Contract[1] and Public Disparagement of Dr. Wright[2]

35. Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

---

[1] The United States Court of Appeals for the District of Columbia Circuit decided as a matter of law there was no contract between Defendant Goren and Plaintiff.
[2] Defendant Goren denies that she engaged in any wrongful conduct towards Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION[3]
### (Race Discrimination in Violation of 42 U.S.C. § 1981 as Against all Defendants)

38.    Defendants incorporate by reference their answers to Paragraphs 1 through 37 as if fully set forth herein.

39.    The Meyer Foundation denies the allegations contained in Paragraph 39 of the Complaint.

40.    The Meyer Foundation denies the allegations contained in Paragraph 40 of the Complaint.

41.    The Meyer Foundation denies the allegations contained in Paragraph 41 of the Complaint.

42.    The Meyer Foundation denies the allegations contained in Paragraph 42 of the Complaint.

43.    The Meyer Foundation denies the allegations contained in Paragraph 43 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Defamation as against Defendant Goren)

44.    Defendant Goren incorporates by reference her answers to Paragraphs 1 through 43 as if fully set forth herein.

45.    Defendant Goren denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant Goren denies the allegations contained in Paragraph 46 of the Complaint.

---

[3] No response to Paragraphs 39 to 43 is required from Defendant Goren as the United States Court of Appeals for the District of Columbia Circuit decided as a matter of law there was no contract between Plaintiff and Defendant Goren.

47. Defendant Goren denies the allegations contained in Paragraph 47 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION[4]
### (Breach of Contract)

48. Defendant Meyer Foundation incorporates by reference its answers to Paragraphs 1 through 43 as if fully set forth herein.

49. Defendant Meyer Foundation admits the allegations contained in Paragraph 49 of the Complaint.

50. Defendant Meyer Foundation denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant Meyer Foundation denies the allegations contained in Paragraph 51 of the Complaint.

## DEMAND FOR RELIEF

Defendants admit only that Plaintiff purports to seek the relief requested in the "Demand for Relief" clause on pages sixteen and seventeen of the Complaint. Defendants deny that Plaintiff is entitled to any of the requested relief and further deny that Plaintiff is entitled to any relief whatsoever.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

Defendants deny all of the allegations contained in the Complaint that are not specifically admitted herein.

---

[4] No response to Paragraphs 48 to 51 is required from Defendant Goren as the United States Court of Appeals for the District of Columbia Circuit decided as a matter of law there was no contract between Plaintiff and Defendant Goren.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants asserts the following affirmative and other defenses without assuming any burden of proof that otherwise does not exist as a matter of law.

1. Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

2. Any actions Defendant Meyer Foundation took concerning Plaintiff were not because of her race.

3. Defendant Meyer Foundation acted at all times in good faith and consistently maintained, implemented, and enforced policies prohibiting discrimination.

4. Defendant Meyer Foundation has made good faith efforts to prevent discrimination, and thus, cannot be liable for the decisions of its agents to the extent the challenged actions were contrary to its efforts to comply with any laws prohibiting discrimination.

5. Any statements Defendant Goren made about Plaintiff were true or substantially true.

6. Any statements Defendant Goren made about Plaintiff were nonactionable statements of opinion.

7. Without waiver of Plaintiff's burden of proof, the alleged statement Plaintiff attributes to Defendant Goren was not both false and defamatory.

8. Without waiver of Plaintiff's burden of proof, the alleged defamatory statements Plaintiff attributes to Defendant Goren did not cause her any damage or reputational harm.

9. The alleged defamatory statements Plaintiff attributes to Defendant Goren were protected by the common interest privilege.

10. The alleged defamatory statements Plaintiff attributes to Defendant Goren were protected by the self-defense privilege.

11. Without waiver of Plaintiff's burden of proof, Defendant Goren states that the alleged defamatory statements Plaintiff attributes to Defendant Goren were not published excessively or published with malice.

12. Plaintiff's breach of contract claim fails as Defendant Meyer Foundation did not breach, but fully or substantially performed, its promises, duties, and obligations under the subject agreement.

13. Any damages allegedly suffered by Plaintiff were proximately caused by her own acts or omissions.

14. Plaintiff's recovery is barred, in whole or in part, by her failure to mitigate her damages.

15. Defendants acted in good faith at all relevant times.

16. Plaintiff's claims may be barred by the equitable doctrines of laches, unclean hands, waiver, and estoppel.

Defendants reserve the right to assert additional defenses that may become known after the filing of this responsive pleading.

**WHEREFORE**, the Meyer Foundation and Nicola Goren request that the Court:

1. Dismiss the Complaint in its entirety with judgment entered against Plaintiff and in favor of Defendants;

2. Order Plaintiff to pay Defendants' attorneys' fees and costs as permitted by law; and

3. Award Defendants such other and further relief as the Court deems just and proper.

Dated: June 6, 2023

                                                  Alison N. Davis, Bar No. 429700
andavis@littler.com
Anna M. Sheridan, Bar No. 1671005
asheridan@littler.com

LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, DC  20006.4046
Telephone:       202.842.3400
Facsimile:        202.842.0011

*Attorneys for Defendants Eugene & Agnes E. Meyer Foundation and Nicola Goren*

**CERTIFICATE OF SERVICE**

I certify that on this 6th day of June 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Derek S. Sells
> The Cochran Firm
> 55 Broadway, 23rd Floor
> New York, NY 10006
> Dsells@cochranfirm.com

Counsel for Plaintiff

>       /s/ Alison N. Davis
>       Alison Davis