## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TERRI D. WRIGHT,

*Plaintiff*,

v.

EUGENE & AGNES E. MEYER
FOUNDATION, *et al.*,

*Defendants*.

Case No. 1:20-cv-02471 (ACR)

## STIPULATED PROTECTIVE ORDER AND CLAWBACK ORDER

WHEREAS, Plaintiff Terri Wright and Defendants the Eugene & Agnes E. Meyer Foundation and Nicola Goren (together, "Defendants") (collectively, the "Parties") in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted;

WHEREAS, the Parties have agreed to produce such documents only on the agreement that such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information or item will be disclosed only as provided herein;

WHEREAS, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request or informal production;

WHEREAS, both Parties may be required to produce large volumes of Documents, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures").  This Stipulated Protective Order and Clawback Order (the "Order") is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

(a)     was not inadvertent by the Producing Party;

(b)     that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

(c)     that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

(d)     that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Order is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the Parties seek the entry of this Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the terms set forth herein, as

well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS**:

1.      **DEFINITIONS**

a.      <u>Party</u>:  any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, in-house and outside counsel (and their support staff).

b.      <u>Disclosures or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

c.      <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of either Party or any third parties.  Further, Confidential Information is information for which disclosure is likely to have the effect of causing harm to either Party, or person from whom the information was obtained, or to the Parties' or third-parties' privacy.  Confidential Information also includes private information pertaining to third parties who have provided documents as required by subpoena.

d.      <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means.

   e. "<u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

   f. <u>Producing Party</u>: a Party that produces Disclosure or Discovery Material in this action.

   g. <u>Designating Party</u>: a Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

   h. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order.

   i. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

   j. <u>In-House Counsel</u>: attorneys who are employees of a Party.

   k. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

   l. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

   m. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.      **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material.

3.      **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Termination of this litigation shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.      **DESIGNATING PROTECTED MATERIAL**

a.      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially

5

asserted, that Party must promptly notify the other Party that it is withdrawing the mistaken designation.

      b.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 4(b)(i) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

      i.    **for information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material or, at the time of production, identify in writing the information/pages and lines to be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall initially be produced to the Receiving Party's counsel.  Upon review of such documents, Receiving Party's counsel may contest the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations if agreement on the designations cannot be reached with Producing Party.  The final designation of any document initially marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be determined upon agreement of the Parties or this Court's ruling.

In the event that a Party makes documents available for inspection, rather than delivering copies to another party, no marking need be made in advance of the initial inspection. For purposes of the initial inspection, Producing Party may indicate that all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and make such documents available only to Receiving Party's counsel.  Thereafter, upon the Receiving Party's counsel's selection of documents for copying, the Receiving Party may contest such designation if agreement on the designation cannot be reached with Producing Party.  Upon agreement of the Parties or this Court's ruling, Producing Party will mark the copies "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to this Order.

   ii. **for testimony given in deposition or in other pretrial or trial proceedings**, that the Designating Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential or Highly Confidential – Attorneys' Eyes Only Information shall be made by a statement to such effect on the record during the course of the deposition or within 14 days after such deposition has been transcribed and received by counsel for the Parties; provided, if the designation is made after the conclusions of any day of deposition, the Confidential or Highly Confidential – Attorneys' Eyes Only Information shall be identified by page and line.  Blanket designations of depositions are not permissible.  Testimony designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall initially be provided to the Receiving Party's counsel in a separate transcript labeled as such.  Upon review of

such testimony, the Receiving Party's counsel may contest the "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" designations if agreement on the designations cannot be reached
with Producing Party.   The final designation of testimony initially marked as "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be determined upon agreement of the
Parties or this Court's ruling.   Only those portions of the testimony that are appropriately
designated for protection within the 14 calendar days shall be covered by the provisions of this
Order. Until the passage of 14 calendar days, the entire transcript shall be treated as
"CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant
to this Order.

Transcript pages containing Protected Material must be separately bound by the
court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party offering
or sponsoring the witness or presenting the testimony.

iii.        for **information produced in some form other than
documentary, and for any other tangible items**, that the Producing Party affix in a prominent
place on the exterior of the container or containers in which the information or item is stored the
legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If
only portions of the information or item warrant protection, the Producing Party, to the extent
practicable, shall identify the protected portions, specifying whether they qualify as
"CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."
Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall
initially be produced to the Receiving Party's counsel.   Upon review of such information,
Receiving Party's counsel may contest the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" designations if agreement on the designations cannot be reached with Producing Party. The final designation of information initially marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be determined upon agreement of the Parties or this Court's ruling.

       c.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order. The Designating Party may seek relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

     5.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

       a.   <u>Timing of Challenges</u>.  If the Receiving Party wishes to challenge the confidentiality designation of a particular document or information, it must do so by letter or email to Counsel for the Designating Party within fourteen (14) calendar days of receipt of such document or information. Failure to challenge a confidentiality designation within this time frame shall operate as a waiver to future challenges. Until agreement is reached between Parties as to a confidentiality designation or the Court rules on a judicial challenge to a confidentiality designation pursuant to the procedures set forth in this paragraph 5, the document shall be treated

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable, pursuant to this Agreement.

b.      <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must confer directly (in voice to voice dialogue or via email or letter) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

c.      <u>Judicial Intervention</u>.  A challenging Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may, within fourteen (14) calendar days after the meet and confer process ends, contact the Court to schedule a discovery dispute conference for the purpose of determining whether the item has been properly designated as confidential, identifying the challenged material and setting forth in detail the basis for the challenge. Failure by the challenging Party to timely initiate a discovery dispute with the Court shall operate as a waiver of the challenge to the confidentiality designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

a.     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b.     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

i      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel engaged in the representation of the Parties in the above-captioned action;

ii     the Parties (if an entity, this includes present and former officers, directors, agents and employees (including In-House Counsel));

iii    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

iv     the Court and its personnel, subject to the procedures of Paragraph 9 below;

    v       court reporters, their staff, and professional vendors retained for purposes of this litigation;

    vi      potential, anticipated or actual fact witnesses and their counsel to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    vii     the author of the document or the original source of the information.

c.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    i.      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel engaged in the representation of the Parties in the above-captioned action;

    ii.     In-House Counsel of the Receiving Party;

    iii.    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Declaration and Agreement to Be Bound by Protective Order" (Exhibit A);

    iv.    the Court and its personnel, subject to the procedures of Paragraph 9 below;

    v.     court reporters, their staff, and professional vendors retained for purposes of this litigation; and

    vi.    the author of the document or the original source of the information.

    vii.   Mediators who have signed the "Declaration and Agreement to Be Bound by Protective Order" (Exhibit A), or a comparable confidentiality agreement.

### 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email or fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  Under no circumstances shall the Receiving Party produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" absent a specific Order by the Court after an appropriate Motion to Quash and/or Compel has been filed. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating

Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

A Party's own use or disclosure of its own materials that would otherwise be protected under this Order may impact the protection allowed by this Order.

### 9.    FILING PROTECTED MATERIAL

All documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that are filed with the Court in this action shall, as permitted by the Court, be sealed and designated with the appropriate Confidentiality Designation, along with a notation that the contents subject to a Protective Order and are not to be revealed except by further Order of the Court.  Whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion to seal and accompanying order pursuant to LCvR 5.1(h).

### 10.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action (including any appeals), each Receiving Party must either:  1) return all Protected Material to the Producing Party; 2) or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3 (DURATION), above.

With respect to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material that is filed with the Court under seal, the Clerk is permitted to return to counsel or destroy said sealed material at the conclusion of the litigation.

## 11.    CLAWBACK AGREEMENT

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

      (a)    The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the

attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

(b)     The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)     If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected  Document"):

i.      the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) calendar days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected  Documents,  along  with  any  notes,  abstracts  or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving Party is under  no  obligation  to  search  or  review  the  Producing Party's

Documents to identify potentially privileged or work product Protected Documents.

ii.  If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) business days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d)  If, during the course of this litigation, a party determines it has produced a Protected Document:

i.  the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the

17

requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii.     The Receiving Party must, within ten (10) calendar days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e)     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 11(c)(ii) and 11(d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact,

subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

i.      the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii.     the disclosure of the Protected Documents was not inadvertent;

iii.    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv.     the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

(h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) calendar days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

19

(j)     By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

**12.     MISCELLANEOUS**

a.     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b.     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

      c.     Once executed by the Parties, the Stipulation shall be by treated by the

Parties as an Order of Court until it is formally approved by the Court.

STIPULATED TO THIS 24th DAY OF OCTOBER 2023

| | |
|---|---|
| _/s/ Derek Sells_ | /s/ _Alison N. Davis_ |
| Derek Sells | Alison N. Davis (Bar No. 27987) |
| (Bar Number) | Anna M. Sheridan (Bar No. 1671005) |
| The Cochran Firm – New York | LITTLER MENDELSON, P.C. |
| 55 Broadway | 815 Connecticut Avenue, NW, Suite 400 |
| 23rd Floor | Washington, DC  20006-4046 |
| New York, NY 10006 | 202.842.3400 (telephone) |
| (212) 553-9120 | 202.842.0011 (facsimile) |
| dsells@cochranfirmny.com | andavis@littler.com |
| | asheridan@littler.com |
| | |
| _Counsel for Plaintiff_ | _Attorneys for Defendants_ |

**SO ORDERED.**

Date: October 26, 2023

_____

ANA C. REYES
United States District Court Judge

## EXHIBIT A

## DECLARATION

I declare as follows:

      1.     My name is _____.

I live at _____.

I am employed as _____.
                                   (state position)

by _____.
                (state name and address of employer)

      2.     I am aware that the parties have stipulated to an Order limiting disclosure and use of the "Confidential" information and documents produced by the parties in the matter of *Terri Wright v. Eugene & Agnes E. Meyer Foundation, et al.*, Docket No. 1:20-cv-02471-ACR, pending before Judge Ana C. Reyes.  A copy of the Order has been given to me.

      3.     I promise that documents and information designated as "Confidential" under the Order will be used by me only in testifying and/or assisting counsel in preparing for and participating in the above-referenced litigation and not for any business, personal or other purposes whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____           _____
                                         (signature)