

ONE EXCHANGE PLAZA
55 BROADWAY - 23rd FLOOR
NEW YORK, NEW YORK 10006

Writer's Direct Number: 212-553-9120

January 24, 2024

**VIA CM/ECF**
Hon. Ana C. Reyes, U.S.D.J.
U.S. District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001

    Re:    *Wright v. Eugene & Agnes E. Meyer Foundation et al.* - 20-cv-02471-ACR

Honorable Judge Reyes:

    This firm represents Plaintiff Dr. Terri Wright in the above-referenced matter. We submit this letter motion – with the consent of counsel for Defendants – seeking an Order granting a 35-day extension of the deadlines to complete fact and expert discovery set forth in the Court's August 15, 2023, Scheduling Order. A Proposed Order showing the current and proposed deadlines is annexed hereto for the Court's review.

    Plaintiff submits this motion as additional time is required by the parties to complete depositions and fact discovery in this matter. To date, the parties have worked harmoniously to comply with the orders that are in place. In compliance with the Court's December 21, 2023 Order, the parties will be attending an in-person mediation before D.C. Circuit Mediator Dina Gold on January 29, 2024. If the mediation is unsuccessful, Plaintiff's deposition will be taken the following day January 30, 2024. In addition, the Parties have agreed to set deposition dates of the Meyer Foundation and its 30(b)(6) witness after we complete a meet and confer on the topics to be covered. Likewise, Defendant Goren will be deposed in the coming days. Scheduling these depositions has been difficult, as the Plaintiff recently underwent foot surgery and has only received medical clearance to travel outside of her current residence in Georgia within the last several days.

    Additionally, the deposition of Defendant Nicola O. Goren remains outstanding and, per her counsel, between counsel's schedule and Ms. Goren's there are no available days between now and the end discovery date that would work. The requested 35-day extension will provide the parties the ability to resolve their outstanding issues and complete depositions in this matter. Plaintiff further requests that the deadlines concerning expert discovery be correspondingly extended by 35 days so that the parties have sufficient time to complete any necessary expert discovery. The proposed adjournments will not effect or alter any other deadlines, including but not limited to the timeline to file dispositive motions or the trial date set in this matter.. <u>This is the Plaintiff's first request for such an extension.</u>

      Fed. R. Civ. P. 16 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Barnes v. D.C., 289 F.R.D. 1, 7 (D.D.C. 2012). In this regard, it is well-settled that "discovery under the Federal Rules of Civil Procedure should be freely permitted," United States v. Sci. Applications Int'l Corp., 301 F.R.D. 1, 3 (D.D.C. 2013) *quoting* Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C.Cir.1991). Plaintiff is seeking a modest extension of time to ensure that necessary party depositions are taken in this matter, and that the deposition of Defendants' 30(b)(6) witness take place within a mutually acceptable scope of questioning. Given the public policy favoring the free conduct of disclosure, the timeliness of Plaintiffs' request, the necessity to all parties of the disclosure sought, and Defendants' consent to the instant motion, the Court should grant the extension requested herein.

      Should the Court require any additional information or wish to discuss this matter further, we remain humbly at the Court's disposal.

                              Respectfully submitted,

                              /s/ Derek S. Sells
                              Derek S. Sells, Esq.